## B. M. STEPHENS V. THE STATE.

*No. 208.     Decided February 24.*

**Jury Law—Swearing Jury—Oath.**—The clear intention of the Code is, that a jury selected to try a felony less than capital must be sworn in the particular case, and the oath administered must be the one prescribed in article 657, Code of Criminal Procedure, and no other. Following Rippey v. The State, 29 Texas Crim. App., 43.

APPEAL from the District Court of Hardeman. Tried below before Hon. G. A. BROWN.

This appeal is from a conviction for theft of a horse, the property of one Jesse Biggs, wherein the punishment assessed was five years in the penitentiary.

In view of the disposition made of the case on appeal, no general statement is necessary.

*Standlee & Green,* for appellant.—The court erred in overruling defendant's motion for a new trial on the ground that the jury had not been sworn to try this cause; because the record shows, by the admission of the district attorney, "that the jury was not sworn in this case," as shown by defendant's bill of exceptions number 2.

On appeal, if the record fails to show that the jury were sworn, or if it shows that any other oath than the statutory oath was administered to them, the conviction will be set aside. Any other oath than the statutory oath is, in contemplation of law, no oath. Leer v. The State, 2 Texas Crim. App., 495; Edmonson v. The State, 41 Texas, 501; Bawcomb v. The State, Id., 191; Martin v. The State, 40 Texas, 26; Smith v. The State, 1 Texas Crim. App., 408.

The judgment recites the fact that the jury was duly impanelled and sworn. The defendant's bill of exceptions number 2 shows that the statutory oath was not administered to the jury, and that the jury were not sworn after they were selected to try the defendant, but that they were sworn with other jurors for the week as provided for swearing jurors in civil cases (Rev. Stats., art. 3099), and that this oath was administered to the jury before this defendant was brought into the court room for trial. Defendant can not have the judgment corrected so that it will show the exact oath that was administered, but must present the point by bill of exceptions. Preston v. The State, 8 Texas Crim. App., 30.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—There is but one question in this case that need be considered: Was the jury sworn as required by law? The trial judge states, that on Monday, the 15th of May, 1893, before this case was called for trial, when the jury for the week was being impanelled, the court administered to all the jurors for that week, including all the jurors who tried the case, the oath prescribed by article 3099 of the Revised Statutes for jurors in civil cases, and no other oath was administered to them; in other words, the jurors who were selected and tried this case were not sworn as required by article 657 of the Code of Criminal Procedure. The clear intention of the Code is that a jury selected to try a defendant on a criminal charge shall be sworn in the specific case, and under the oath prescribed, and no other. Willson's Crim. Stats., sec. 2289. Then only can a jury be said to be "impanelled in the case." Rippey's case, 29 Texas Crim. App., 43. In all cases less than capital, jurors are not impanelled until selected and sworn as a body. Rippey's case, supra; Heskew's case, 17 Texas Crim. App., 161; Ellison's case, 12 Texas Crim. App., 557. This is fatal to the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.