**Stanley Jerome PRICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14-86-595-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1987.

Steve Hebert, Baytown, for appellant.

John B. Holmes, Jr., Dist. Atty., Frances M. Northcutt and Larry W. Standley, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a jury conviction for burglary of a habitation, enhanced by two prior felony convictions, for which the court below assessed punishment at confinement for life in the Texas Department of Corrections. In three points of error, appellant complains of ineffective assistance of counsel in conjunction with a violation of the Speedy Trial Act and the trial court's denial of his *Batson v. Kentucky* challenge to the State's use of its peremptory strikes. We find no error and, accordingly, affirm the judgment of the court below.

In point of error one, appellant complains that the trial court erred in denying his motion to dismiss the indictment for failure to comply with Tex.Code Crim.Proc. Ann. art. 32A.02 (Vernon Supp.1987) (hereinafter referred to as the Speedy Trial Act). However, appellant concedes that his trial counsel failed to obtain a hearing or a ruling on the motion. Consequently, any error with respect to a Speedy Trial Act violation was waived. *Gomez v. State,* 709 S.W.2d 351, 355 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). *See also* Tex.Code Crim.Proc.Ann. art. 32A.02, § 3 (Vernon Supp.1987). Point of error one is overruled.

In point of error two, appellant maintains that the trial court erred in failing to quash the jury on the ground that the prosecutor's exercise of his peremptory challenges in striking six of the seven black potential jurors violated appellant's constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution. As authority for this assertion, appellant relies on *Batson v. Kentucky,* —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We find, however, that appellant's objection to the State's use of its peremptory challenges was untimely and, therefore, the trial court did not err in failing to quash the jury.

Appellant's trial commenced on June 16, 1986 with the jury selection. After voir dire was concluded, appellant and the pros-

ecutor exercised their peremptory challenges. The jury was then seated, but not sworn, and the remainder of the venire was dismissed. The trial judge then declared a recess until the next day.

█ The next day, before the jury was sworn, appellant made a *Batson* objection to the State's use of its peremptory challenges to systematically exclude black potential jurors. The trial judge responded that counsel could have an evidentiary hearing on her objection "anytime throughout the trial."[1] The jury was then brought into the courtroom and sworn. The court proceeded to hear testimony from one of the State's witnesses. When the State's witness finished testifying, the court conducted a hearing on appellant's objection to the State's use of its peremptory challenges. Appellant's objection was then overruled.

█ We hold that in order to be timely, a *Batson* objection to the State's use of its peremptory challenges (or a motion to quash the jury) must be made before the venire is dismissed. *United States v. Erwin*, 793 F.2d 656, 667 (5th Cir.1986). Then the prosecutor is put on notice that he may be required to come forward with neutral explanations for striking the black veniremembers. With the venire still before him, the prosecutor has the opportunity to associate the names and faces of the stricken veniremembers with his reasons for striking them. Because appellant's objection was untimely, he has waived it.

█ Moreover, we note that in spite of the untimeliness of the objection, the court still allowed appellant a hearing on his *Batson* objection before overruling it. After reviewing the record we find that appellant failed to establish *by evidence* (in the nature of a stipulation or otherwise) that he

was black and that the six jurors struck by the State were black. Further, we find that he failed to establish *by evidence* any relevant circumstances to raise an inference that the prosecutor used his peremptory challenges to exclude veniremembers from the petit jury on account of their race. A relevant circumstance might be that the State failed to ask any questions of the black veniremembers. Appellant made this particular observation at the hearing; however, the observation of counsel is not evidence. Further, the record of the voir dire does not indicate the race of any jurors who were or were not questioned by the State. Another relevant circumstance might be that all of the black veniremembers were peremptorily struck by the State.[2] Again, no evidence was presented to show this particular circumstance. We find that appellant presented no evidence to raise the inference that the prosecutor used his peremptory challenges to exclude veniremembers from the petit jury on account of their race. Because appellant failed to make a prima facie showing of purposeful discrimination, the State was not required to come forward with neutral explanations for challenging the black potential jurors. *See Keeton v. State*, 724 S.W.2d 58, 66 (Tex.Crim.App.1987). We find no error in the trial court's failure to discharge the jury. Point of error two is overruled.

In point of error three, appellant argues that he was denied effective assistance of counsel at trial in violation of the United States Constitution and article I, section 10 of the Texas Constitution. In order to prevail on a claim of ineffective assistance of counsel, appellant must overcome the presumption that trial counsel rendered effective assistance by proving that trial counsel made errors so serious that counsel

---

1. In the interest of judicial economy, a hearing on an objection to the State's use of its peremptory challenges should be held *immediately* after the objection is made. This would insure that both sides would be able to recall the events of the voir dire. Further, valuable time would not be wasted in proceeding to trial and then having to declare a mistrial in order to impanel a new jury if the objection were sustained after the hearing.

2. We note that the Texas Court of Criminal Appeals has stated the fact that a black person actually served on the jury is a factor militating against appellant's claim that the prosecutor exercised his challenges based only upon racial grounds. *Keeton v. State*, 724 S.W.2d 58, 66 (Tex.Crim.App.1987).

was not functioning as "counsel" guaranteed by the Sixth Amendment and that the serious errors deprived appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Clearly, a claim of ineffective assistance of counsel is only as valid as the underlying error upon which the claim is predicated.

Appellant cites several instances of inadequacies in his representation. First, appellant maintains that trial counsel's failure to obtain a ruling on his motion to dismiss the indictment for violation of the Speedy Trial Act resulted in harm. We disagree.

A complaint against appellant was filed on September 19, 1985, charging appellant with burglary of a habitation.[3] Appellant was indicted for the offense on October 8, 1985. The State filed a written announcement of ready on October 17, 1985. A motion to dismiss the indictment was filed on April 9, 1986. Appellant's trial commenced on June 16, 1986.

■■■ Appellant maintains that he rebutted the State's October 17th announcement of ready because he was not arrested until November 17, 1985. *See Newton v. State*, 641 S.W.2d 530 (Tex.Crim.App.1982) (absence of defendant rebuts announcement of ready). However, appellant does not point us to where in the record evidence appears to indicate when appellant was arrested. Appellant also maintains that the State's motion for continuance due to the unavailability of a material witness, filed April 7, 1986, rebuts the State's announcement of ready. Evidence affirmatively indicating that the State did not have a key witness or piece of evidence available by the last day of the applicable time period rebuts the State's announcement of ready. *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Crim. App.1979). Here, the State filed a motion for continuance on the 200th day after the criminal action commenced.

■■■ Once the accused rebuts the State's prima facie evidence of its readiness, then the burden is on the State to demonstrate that any delay in excess of the statutory period falls within a statutory exception. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App.1983). Upon examination of the record, we find that the two agreed resets—totaling 102 days—and the State's motion for continuance due to absence of a material witness—totaling 50 days—represent periods of time excludable by statute. *See* Tex.Code Crim.Proc.Ann. art. 32A.02, § 4(3), (6)(A) (Vernon Supp. 1987). Further, we find no evidence to indicate that the State failed to exercise due diligence in obtaining the presence of its material witness. Thus, we find that appellant's trial commenced on the 118th day after the criminal action commenced; the granting of a motion to dismiss would have been improper because 120 days had not yet expired. Therefore, we conclude that appellant failed to sustain his burden of proving harm under *Strickland*.

Second, appellant contends that trial counsel's failure to obtain a ruling on her "objection to prosecution's systematic exclusion" resulted in harm and denial of his right to a fair trial. Appellant's contention is factually incorrect. A hearing was held and a ruling obtained in spite of the untimeliness of the objection.

■■■ Third, appellant complains that trial counsel's voir dire of jurors who had been victims of burglaries was inadequate. We disagree. Appellant's trial counsel, and the trial judge, questioned a number of jurors concerning their possible bias due to having had their homes burglarized. The record reflects that trial counsel challenged at least seven veniremembers for cause and those challenges were sustained. The fact that appellate counsel might have managed the case differently is not proof of ineffective assistance of counsel. *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Crim. App.1981).

---

**3.** Appellant maintains that the complaint was filed on September 16, 1985. Appellant used as his source of information the date typed on the complaint by the district clerk's office when preparing the transcript for appeal. This date was incorrectly typed. The file stamp on the complaint and the trial court's docket sheet both reflect that the complaint was filed on September 19, 1985.

Finally, appellant complains that trial counsel failed to attack or discredit the prosecution's sole identification witness. The prosecution's identification witness testified that appellant had a tattoo on his arm. Trial defense counsel produced two witnesses who testified that appellant did not have a tattoo on his arm. Appellate counsel now asserts that trial counsel should have shown, either by photos or by having appellant wear short sleeves to the courtroom, that appellant did not have a tattoo on his arm. Again, the fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. *Passmore*, 617 S.W.2d at 686. We find that appellant failed to sustain his burden of proving that he did not receive effective assistance of counsel. Point of error three is overruled.

The judgment of the court below is affirmed.

J. CURTISS BROWN, C.J., not participating.