**Walter Bruce GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–01027–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 20, 1989.

Michael S. McNeely, Richmond, for appellant.

John F. Healey, Jr. and Richard A. Dawson, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of burglary of a habitation and sentenced him to twenty years confinement in the Texas Department of Corrections. In a single point of error appellant alleges that the State purposely excluded all members of his race on the basis of race alone by use of its peremptory strikes. We affirm.

We hold that appellant waived his objection made under authority of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

After the voir dire of the jury panel a jury was impaneled and sworn. The remainder of the venire was dismissed. A lunch recess was then taken during which appellant filed a *"Batson* Challenge". The State objected to appellant's motion, arguing that it came too late. The trial court agreed with the State but nonetheless held a hearing to determine if the prosecutor could articulate racially neutral reasons for striking the black venirepersons from the panel. The challenge was then overruled. Appellant concedes his *Batson* motion was not timely filed because it was made subsequent to the jury being impaneled, but argues that untimeliness was cured by the court's hearing of the challenge. He cites no authority for such an argument.

To be timely, a *Batson* objection to the State's use of its peremptory challenges must be made before the jury is sworn and the venire is discharged. *Henry v. State*, 729 S.W.2d 732, 736, 737 (Tex.Crim.App. 1987); *Price v. State*, 726 S.W.2d 611, 613 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Catley v. State*, 726 S.W.2d 595 (Tex. App.—Houston [14th Dist.] 1987, no pet.); *United States v. Erwin*, 793 F.2d 656, 667

(5th Cir.1986), *cert. denied,* 479 U.S. 991, 107 S.Ct. 589, 93 L.Ed.2d 590.

By this procedure the prosecutor is put on notice that he may be required to come forward with neutral explanations for striking the black venirepersons. With the venire still before him, the prosecutor may associate the names and faces of the stricken venirepersons with his reasons for striking them. A challenge made at this time allows the court its full range of options to correct any error discovered in a *Batson* hearing. *Henry v. State,* 729 S.W.2d, at 737. Additionally, this procedure prevents a defendant from making a *Batson* challenge for the primary purpose of obtaining a fresh and perhaps more desirable jury panel.

Because appellant's objection was untimely, he has waived it. Appellant's sole point of error is overruled.

The judgment is affirmed.