**Mark BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 870–87.**

Court of Criminal Appeals of Texas, En Banc.

May 10, 1989.

Tena M. Hollingsworth, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty., Kathi Alyce Drew, John D. Nation, Cynthia Hayter, Lana McDaniel, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was convicted by a jury of the offense of aggravated robbery pursuant to V.T.C.A. Penal Code, § 29.03. The jury then assessed punishment at ninety-nine years confinement in the Texas Department of Corrections and a $10,000 fine. The Dallas Court of Appeals affirmed appellant's conviction in an unpublished opinion. *Brown v. State*, No. 05–86–00769–CR (Tex.App.—Dallas, delivered June 15, 1987). We granted appellant's first two grounds for review to determine whether the court of appeals was correct in holding Article 37.07, § 4(a), V.A.C.C.P., the parole instruction law, was constitutional. Appellant's third ground for review was also granted to determine whether the court of appeals erred in its determination that the prosecutorial argument which apparently requested the jury to consider the parole law in assessing appellant's punishment was cured by the trial court's instruction to disregard. Finally, appellant's fourth ground for review was granted to assess the correctness of the court of appeals' holding that appellant's *Batson* error was not properly preserved.

Appellant, in his first two grounds for review, argues that Article 37.07, § 4(a), V.A.C.C.P., is unconstitutional, first that it violates the separation of powers doctrines of Article II, § 1 of the Texas Constitution and, second, that such a jury instruction denies him due course of law.[1] In response to these assertions the court of appeals opined:

> In his first two points of error, appellant contends that the trial court erred in charging the jury on the law of parole pursuant to article 37.07, section 4(a) of the Texas Code of Criminal Procedure because the instruction violates the separation of powers doctrine and deprived appellant of his right to a fair trial under the state and federal constitutions.

1. In accordance with Article 37.07, § 4(a), supra, the trial court at the punishment phase of the trial instructed the jury as follows:

   Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

   It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

   Under the law applicable to this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-third of the sentence imposed or twenty years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than six years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

   It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

   You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

This court has previously held that article 37.07, § 4(a), does not violate the separation of powers doctrine, nor does it deprive defendants of a fair trial. *Rose v. State*, 724 S.W.2d 832, 834–39 (Tex. App.—Dallas 1986, pet. granted); *Joslin v. State*, 722 S.W.2d 725, 731–36 (Tex. App.—Dallas 1986, pet. granted). Accordingly, we overrule appellant's first two points of error.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1987) (Opinion on Rehearing), this Court held that the statute requiring the parole law instruction was violative of both the separation of powers doctrine and due course of law provision of the Texas Constitution. We also decided that if such an instruction was given under Article 37.07, § 4(a), supra, albeit erroneous, a harmless error analysis was required pursuant to Rule 81(b)(2), Tex.R.App.Pro., to determine whether under the circumstances of the case a reversal is required. Thus, appellant is correct in his assertion that the court of appeals erred in its holding that Article 37.07, § 4(a), does not violate the separation of powers doctrine and the appropriate constitutional due course of law provision. Therefore, in accordance with *Rose*, we will remand this cause to the court of appeals for a harm analysis under Rule 81(b)(2), Tex.R.App.Pro. See also *Gilbert v. State*, 769 S.W.2d 535 (Tex.Cr.App. 1989).

In his third ground for review it is appellant's contention that the court of appeals erred in holding that the trial court's instruction to disregard the prosecutor's argument was sufficient to cure any error or prejudice created by such statements. At the punishment phase of the trial and during final argument the prosecutor made the following argument:

Ladies and gentlemen, I want to call your attention just briefly to Page Four, which is in the Charge, that talks about parole. That means that when someone is given a sentence it is possible that that sentence given by the jury or—when a defendant is given a sentence, it's possible that that sentence given by the judge or the jury can be a fiction under the laws of parole.

The trial court immediately sustained appellant's objection to this argument and instructed the jury to disregard it. Appellant presents the identical argument as that asserted in the court of appeals, that notwithstanding the trial court's curative instruction, reversible error was committed because the prosecutor's comments were so manifestly improper and prejudicial that the trial court should have granted appellant's motion for mistrial. We agree with the court of appeals. We find that although the complained of argument was improper in that it was a call for the jury to consider and apply the parole law to this appellant, it was not of such a nature that the curative instruction did not remedy the error. The trial court's immediate instruction to disregard was sufficient to cure the error. *Jackson v. State*, 745 S.W.2d 4 (Tex.Cr.App.1988). Ground for review number three is therefore overruled.

In appellant's last ground for review it is his contention that the court of appeals erred in concluding that he had failed to properly preserve a jury selection error based upon *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The record is clear that prior to the petit jury being sworn, but after their selection, and the excusal of the remainder of the jury panel, appellant objected to the prosecution's use of its peremptory challenges to purposefully eliminate the black members of the jury panel, the cognizable ethnic group of which appellant is a member. Relying on this Court's opinion in *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Cr.App. 1987), the court of appeals held that appellant's *Batson* objection was untimely. We agree with the court of appeals. In *Henry, id.*, at 737, we held:

In cases tried after the *Batson* opinion was issued, the procedures outlined in that case must be followed. We prospectively declare that a defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but *before* the jury is sworn and the

venire panel is discharged. [Emphasis in original]

The opinion in *Batson* was delivered on April 30, 1986, and appellant was tried in July of 1986. Consequently, the procedures set out in *Henry* and in *Batson* control as to the timeliness of the appropriate objection necessary for the preservation of error. The court of appeals was correct in its assessment that since appellant's *Batson* objection was interposed after the venire panel had been excused no error was preserved for appellate review. Appellant's fourth ground for review is therefore overruled.

In accordance with our disposition of appellant's first and second grounds for review, we vacate the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion.

TEAGUE, J., dissents to disposition of Grounds for Review No. 3 and 4.

MILLER, J., dissents to disposition of Ground for Review No. 4