**Michael Lee HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–01234–CR.**

Court of Appeals of Texas, Dallas.

Jan. 18, 1990.

Rehearing Denied Feb. 21, 1990.

Discretionary Review Granted May 30, 1990.

Lawrence G. Boyd, Dallas, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before HOWELL, BAKER and OVARD, JJ.

## OPINION ON MOTION FOR REHEARING

OVARD, Justice.

The State's motion for rehearing is denied. Our opinion of July 31, 1989 is withdrawn and this opinion issued in lieu thereof.

A jury convicted Michael Lee Hill of aggravated robbery and assessed punishment at sixty years' confinement. In his sole point of error, Hill contends that the trial court erred in overruling his objection to the State's use of a peremptory challenge. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Hill argues that the State improperly struck a venire-member based on racial grounds, thereby violating *Batson* and article 35.261(a)[1] of the Texas Code of Criminal Procedure. Because we agree, we reverse and remand this case.

Following voir dire, a list of the twelve selected jurors was prepared, and the trial court announced their names. The trial court dismissed the venire and directed the twelve jurors into the jury room. Hill then objected, moved that the jury be dismissed, and called for a new array. The State did not object to this request as being untimely. Hill based his request for a *Batson* hearing under article 35.261 on the fact that he was black and that the only venire-member struck by the State was black. The trial court apparently determined that a prima facie case of discrimination had been established because it directed the prosecutor to offer race-neutral explanations for the State's peremptory challenges. When the prosecutor concluded his explanations, the trial court overruled Hill's objection. The jury was then sworn.

The initial question we must resolve is whether Hill's *Batson* challenge was timely raised after the twelve jurors' names were called and the venire dismissed, but before the jury was sworn. In support of its argument that the objection to the jury selection process was untimely, the State relies upon *Henry v. State*, 729 S.W.2d 732, 737 (Tex.Crim.App.1987), in which the court of criminal appeals declared prospectively:

> [A] defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but *before* the jury is sworn and the venire panel is discharged. It is at this time that the trial court has a number of options to correct any error discovered in a *Batson* hearing (including disallowing a prosecutor's strike and installing a minority member on the jury, should the court deem that to be the appropriate remedy, or discharging the jury and convening another venire panel, which might also be deemed appropriate in a given case).

---

1. Hereafter, all references to article 35.261 are to Tex.Code Crim.Proc.Ann. art. 35.261 (Vernon 1989).

*Id.* at 737. The State argues that, under the *Henry* rule, Hill's objection, first made after the venire was excused, was untimely because it precluded the trial court from curing any error by disallowing one or more of the State's strikes and seating other jurors from the venire.[2]

*Henry,* however, no longer governs the timeliness of a challenge. Following the *Henry* decision, the Legislature enacted article 35.261 of the Texas Code of Criminal Procedure, which states in pertinent part:

(a) After the parties have delivered their lists to the clerk ... and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case....

(b) If the court determines that the attorney representing the state challenged prospective jurors on the basis of race, the court shall call a new array in the case.

The *Henry* rule that a timely objection must be made "before the jury is sworn and the venire panel is discharged" has been replaced by the article 35.261(a) requirement that an objection, to be timely, must be made "before the court has impanelled the jury." The issue we must resolve is whether the jury was impanelled when the venire was discharged, or, alternatively, whether the jury was impanelled when it was sworn.

Impanelling is not defined by article 35.-261; however, Texas law has long held that impanellment, at least impanellment by

"the court," is not complete until those who are chosen to serve have been both selected and sworn. *See, e.g., Woolls v. State,* 665 S.W.2d 455, 467 (Tex.Crim.App.1983), *cert. denied,* 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 889 (1984) (jury not impanelled until sworn as a body); *Reese v. State,* 142 Tex.Crim. 254, 266–67, 151 S.W.2d 828, 835 (1941) (impanelled implies grand jurors sworn); *Howard v. State,* 80 Tex.Crim. 588, 591–92, 192 S.W. 770, 772 (1917) (jury not impanelled until sworn); *Stephens v. State,* 33 Tex.Crim. 101, 102, 25 S.W. 286, 286 (1894) (jury not impanelled until sworn); *Rippey v. State,* 29 Tex.App. 37, 42–44, 14 S.W. 448, 449 (1890) (jury not impanelled until sworn as a body); *see also* B. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 212 (1987).

Of course, none of these cases are directly on point because the *Batson* rule is of recent vintage and article 35.261 is of even more recent vintage. What is apparent, however, is that the *Henry* rule, to the effect that *Batson* challenges must precede the dispersal of those who will not serve, has no further validity. The basis for this part of the *Henry* rule has been eliminated by 35.261 which declares that a new venire must be called in all instances where the *Batson* challenge is sustained. The State directs our attention to *Brown v. State,* 769 S.W.2d 565, 568 (Tex.Crim.App.1989), and *Green v. State,* 771 S.W.2d 576, 576–77 (Tex.App.—Houston [14th Dist.] 1989, no pet.), to support its position that a *Batson* issue must be raised prior to the panel's dismissal. The trial in *Brown* occurred

---

2. The State also relies on the pre-*Henry* case of *Price v. State,* 726 S.W.2d 611, 612–13 (Tex.App. —Houston [14th Dist.] 1987, no pet.), in which the appellate court applied the same rule later prescribed in *Henry,* albeit for a different reason, and concluded that defendant's objection was untimely. In *Price,* the court reasoned that a defendant must object before the venire is excused because, without the venire still before him, a later objection prejudices the prosecutor's ability to give racially neutral reasons for his challenges. *Id.* at 612–13.

We are not persuaded by the *Price* rationale that the prosecutor may be prejudiced by having to offer racially neutral reasons for the exercise of his strikes after the venire is discharged because he can no longer associate names and

faces. Typically, in this jurisdiction, attorneys exercise their strikes outside the presence of the venire. If counsel can exercise their strikes without associating names and faces, they can explain them under the same conditions. Moreover, in the case at bar, the State indicated no need for again observing the struck venire-members.

We further note that the remedy afforded by *Henry* was abatement for the limited purpose of determining if the prosecutor possessed a racially neutral explanation for the strikes. *Henry,* 729 S.W.2d at 737. *Henry* implies a finding that a prosecutor should be able to explain the basis of the peremptory strikes at a subsequent hearing. The reasoning in *Price* has been severely diminished by *Henry.*

prior to the effective date of article 35.261. In *Green,* article 35.261 was not even considered by the court; nor does the opinion reflect the date of the trial. Therefore, neither of these cases is dispositive of this issue.

We determine that the reasonable rule, comporting with the longstanding interpretation of "impanelled" by the court of criminal appeals, and comporting with fairness to all parties, must be that a *Batson* challenge is not barred as long as it is presented before the jury is sworn. A jury selection process has not reached its logical conclusion until the oath has been administered. At this moment, another phase of the trial commences. The *Batson* deadline must be clear and understandable. To follow the longstanding rule that impanellment is not complete until the jurors are sworn assures that the defendant and his attorney will have a fair opportunity to observe each of the twelve who have been selected and to determine whether any of the State's strikes have been applied against persons of the same race as the defendant. Until he has this information, the defendant has no basis for a *Batson* challenge. We conclude that the swearing of the jury provides the most reasonable, definitive point for a *Batson* challenge under article 35.261.

We now consider Hill's *Batson* claim. In determining whether appellant's rights have been violated under *Batson,* the standard of review to be applied is whether purposeful discrimination was established. *Keeton v. State,* 749 S.W.2d 861, 867 (Tex.Crim.App.1988) (*Keeton II*). We must consider the evidence in the light most favorable to the trial judge's rulings and determine if those rulings are supported by the record. If the record supports the findings of the trial court, they will not be disturbed on appeal. *Keeton II,* 749 S.W.2d at 870.

In order to invoke the protection set forth in *Batson,* a defendant must raise an inference of purposeful discrimination and the trial court must determine that a prima facie case of discrimination exists by virtue of the State's use of its peremptory challenges. A defendant may establish this by showing:

1. that he is a member of a cognizable racial group;

2. that the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire (peremptory challenges constitute a jury selection practice which permits those to discriminate who are of a mind to discriminate); and

3. these facts and any other relevant circumstances which raise an inference that the prosecutor used peremptory challenges to exclude the veniremen on account of their race.

*Batson,* 476 U.S. at 96, 106 S.Ct. at 1723; *see Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987) (*Keeton I*); *see also* TEX.CODE CRIM.PROC.ANN. art. 35.261(a) (Vernon 1989).

The record reflects that Hill is black. At the conclusion of voir dire, but before the jurors were sworn, Hill's attorney made the following objection:

> Pursuant to the Code of Criminal Procedure, Article 35.261, I'd like the record to reflect and the Court to take judicial notice that the client—my client, Michael Lee Hill, is a black man and ... I'd also like the Court to judicially notice that James Lastun was Juror No. Four, who is a black man, and he was peremptorily challenged by the State of Texas.

The judge took judicial notice of the race of both Hill and Lastun.

Among the factors that can be used to raise an inference of discrimination are "the type and manner of questions directed to the challenged juror, including a lack of questions or a lack of meaningful questions." *Keeton II,* 749 S.W.2d at 867. The State's entire voir dire of Lastun consisted of the following:

> STATE: Is that Lastun? Is that right, sir?
> LASTUN: Uh-huh.
> STATE: What do you do for AT & T?
> LASTUN: I'm a data tech—
> STATE: Pardon me?
> LASTUN: A data technician.
> STATE: A data technician? How

long—I can barely read that. How long have you been with that company?

LASTUN: Twenty years.

STATE: Can you think of any reason why you would not be fair and impartial in this particular case?

LASTUN: No.

STATE: Okay.

In our view, this demonstrates only a perfunctory examination of Lastun; there were no meaningful questions asked upon which to challenge a juror. Consequently, we hold the record reflects that Hill raised an inference of purposeful discrimination and the trial judge determined that a prima facie case of discrimination was established. The burden then shifted to the State to come forward with racially neutral explanations as to why peremptory challenges were exercised against veniremen of the same cognizable racial group as defendant. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723; *Keeton I*, 724 S.W.2d at 65; *see* TEX.CODE CRIM.PROC.ANN. art. 35.26(a) (Vernon Supp.1989). The trial judge conducted such a hearing, requiring the prosecutor to state his reasons for exercising a peremptory challenge against Lastun. *See Batson*, 476 U.S. at 97, 106 S.Ct. at 1723. When asked by the trial court to give a racially neutral explanation, the prosecutor replied, "Your Honor, I struck Mr. Lastun because I felt he would identify with the defendant. He's black, he's male, and I didn't like the way he responded to my questions." [3] When Hill's attorney asked the prosecutor which of Lastun's answers he did not like, the prosecutor replied, "I'll have to have them read back to me. I can't remember what they were, but I just didn't like the way he responded to my questions, his attitude, his demeanor." In overruling the *Batson* objection, the trial court impliedly found that the prosecutor had presented a racially neutral explanation.

The trial judge cannot merely accept the specific reasons given by the prosecutor at face value, the judge must consider whether the facially neutral explanations are contrived to avoid admitting acts of group discrimination. This evaluation by the trial judge is necessary because it is possible that an attorney, although not intentionally discriminating, may try to find reasons other than race to challenge a black juror, when race may be his primary factor in deciding to strike the juror.

*Keeton II*, 749 S.W.2d at 868.

■ Factors that weigh heavily against the legitimacy of a racially neutral explanation given by a prosecutor include: no examination or only a perfunctory examination of the challenged juror and a reason given for the challenge which is unrelated to the facts of the case. *Keeton II*, 749 S.W.2d at 866. In reviewing the trial court's decision, we must consider the evidence in the light most favorable to the trial judge's rulings and determine whether those rulings are supported by the record. If the record supports the trial court's findings, we will not disturb those findings on appeal. *Id.* at 870. However, we must examine each of the prosecutor's reasons for striking a black potential juror within the circumstances of the particular case to determine whether the "neutral explanation" for the strike is really a pretext for a racially motivated peremptory challenge. *Keeton II*, 749 S.W.2d at 868. In making this determination, we must ascertain whether the prosecutor has articulated a "clear and reasonably specific" explanation of "legitimate reasons" for striking the black veniremember. *Batson*, 476 U.S. at 97–98, 98 n. 20, 106 S.Ct. at 1723–24, 1724 n. 20. Otherwise, the prosecutor's explanation is not sufficient to overcome defendant's prima facie showing of purposeful discrimination.

Justice Powell stated in *Batson* that "the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption or his intuitive judgment that they would be partial to the defendant because of their shared race...." *Batson*, 476 U.S. at 95, 106 S.Ct. at 1722. Guided by the aforementioned rules, we determine that the reasons

---

**3.** The prosecutor's explanation rings similar to the blatant constitutional violation condemned where the prosecutor stated, "I struck that prospective juror because he is black." *See Whitsey v. State*, No. 1121–87 slip op. at 7 (Tex.Crim. App. May 10, 1989).

given by the prosecutor for challenging Lastun were unrelated to the case and based on assumptions. The exclusion of even one member of appellant's race from the jury for racial reasons invalidates the entire jury selection procedure and entitles a defendant to a new trial. *Keeton II*, 749 S.W.2d at 871 (Teague, J., concurring).

The record does not support the trial court's ruling. Therefore, we conclude that the prosecutor failed to present racially neutral explanations to rebut Hill's prima facie case of purposeful discrimination against Lastun. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723; *Keeton I*, 724 S.W.2d at 65.

We reverse and remand this case for a new trial before a jury that is selected in a racially neutral manner.