In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-097 CR


____________________



ROY ANTHONY FOLEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 02-05-03563-CR






MEMORANDUM OPINION (1)


 In a jury trial, Roy Anthony Foley was convicted of burglary of a building and
sentenced as an habitual offender to twenty years' confinement in the Texas Department
of Criminal Justice, Institutional Division, and a $5,000 fine. See Tex. Pen. Code Ann.
§ 30.02(a)(1) (Vernon 2003); Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon Supp. 2004). 
The brief filed by Foley's appellate counsel concludes this appeal presents no error which
would arguably support an appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On November 6, 2003, we granted an extension of time for Foley to file a pro se
brief. Foley filed a pro se brief that presents fourteen issues. 

 Officer James Ford testified that he arrived at the Funcoland video game store, in
response to a silent alarm. With its trunk open and its engine running, an automobile
registered to the appellant was backed up to the front of the store. Officer Ford observed
the appellant emerging from a hole made by shattering the storefront glass door.
Merchandise was stacked up inside the store and on the sidewalk; more was found in the
car. The appellant's wallet and drivers' license were inside the automobile. The evidence
is legally and factually sufficient to support the conviction. See Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Zuniga v. State, No. 539-02, 2004 WL
840786, *4 (Tex. Crim. App. Apr. 21, 2004). 

 Foley's first issue addresses several complaints regarding the indictment. The
appellant contends that the indictment is not in proper form. The statutory requirements
for an indictment have been satisfied in this case. See Tex. Code Crim. Proc. Ann. art.
21.02 (Vernon 1989). The appellant claims the indictment was not returned by a lawfully
chosen or empaneled grand jury. That claim is not supported by the record. The
indictment is signed by the grand jury foreman. Foley argues that he was not served with
a copy of the indictment, but he acknowledged receiving the indictment in his written
waiver of arraignment. Although Foley contends the indictment did not provide adequate
notice, the indictment alleged each of the elements of an offense of burglary of a building. 
See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). Thus, the indictment fairly informed
appellant of the charges against him. See Tex. Code Crim. Proc. Ann. art. 21.11
(Vernon 1989). 

 Foley's second issue complains that the trial court did not order the State to replead
to describe the property and its value. Issue Three contends the indictment is defective for
the same reason. The State is not required to prove a completed theft in a prosecution for
burglary committed by entering a building not then open to the public with intent to
commit theft. See DeVaughn v. State, 749 S.W.2d 62, 65 (Tex. Crim. App. 1988)
(distinguishing prosecutions under Section 30.02(a)(3) from those under Section
30.02(a)(1) and (2)). The State need not plead what it need not prove.

 Issue Four asserts a multiple prosecutions double jeopardy violation. Foley
contends that the State reindicted him, and that he was tried and convicted on the second
indictment before the State dismissed the first indictment. This claim is not supported by
the record, which does not establish the existence of a second indictment. Unless the
undisputed facts showing the double jeopardy violation are clearly apparent from the face
of the record, a double jeopardy claim must be raised in the trial court to preserve the
error for appellate review. Gonzalez v. State, 8 S.W.3d 640, 643-46 (Tex. Crim. App.
2000). Furthermore, the Double Jeopardy Clause protects against a second prosecution
for the same offense after acquittal or conviction and against multiple punishments for the
same offense. Lopez v. State, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003). 
Assuming the appellant's factual assertions to be correct, he has not been twice placed in
jeopardy for the same offense.

 Issue Five suggests that, because the enhancement counts were not read to the jury
at the commencement of the trial, Foley was convicted of a state jail felony offense rather
than a second degree felony offense. The enhancement paragraphs were read to the jury
at the commencement of the punishment phase of the trial, in accordance with the
applicable procedural statutes. Tex. Code Crim. Proc. Ann. arts. 36.01(a)(1); 37.07,
§ 2 (Vernon Supp. 2004). There is no formal pleading requirement for enhancement
allegations. Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) (Prior
convictions used as enhancements must be pled in some form, but they need not be pled
in the indictment.). Contrary to the argument in the appellant's brief, the State was not
required to specifically allege that the offense was punishable as a second degree felony
for Foley to be punished as an habitual offender. 

 Issue Six combines several arguments relating to a pro se application for writ of
habeas corpus in which Foley asserted that the indictment did not comply with Tex. Code
Crim. Proc. Ann. art. 21.22 (Vernon 1989). Article 21.22 affects misdemeanor cases,
not felonies. Foley was indicted, so the information and complaint procedure does not
apply to him. Foley also suggests that the prior convictions were state jail felonies that
could not be used for enhancement under Tex. Pen. Code Ann. § 12.42(a)(2) (Vernon
Supp. 2004). However, none of his prior convictions could be state jail felonies, as the
most recent became final in 1992 and the state jail felony level of offense was created in
1994. See State v. Mancuso, 919 S.W.2d 86, 89 (Tex. Crim. App. 1996). 

 Issue Seven complains that the trial court did not consider his pro se motions,
including the application for writ of habeas corpus, a motion to quash the indictment, and
a motion for discovery. Foley contends the trial court granted motions later filed by his
attorney which included much of the previously requested relief, but that the delay until
six days before trial hampered his defense. We note that the motions were filed while
Foley was represented by counsel. Therefore, the trial court was not required to consider
Foley's pro se pre-trial motions. Hazelwood v. State, 838 S.W.2d 647, 649 (Tex.
App.--Corpus Christi 1992, no pet.). Furthermore, the record does not reflect that counsel
requested an earlier setting for the pre-trial hearing and defense counsel announced
"ready" when the case was called to trial. Assuming error for the sake of argument, no
harm is revealed by the record. Tex. R. App. P. 44.2. 

 Issue Eight contends the exclusion from the jury of a particular venireperson
violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). When
we examine the record, however, we note that neither the prosecution nor the defense
exercised a peremptory strike against the venireperson, Number 33. Number 28 was the
last venireperson reached for jury selection. Because the State did not exercise a
peremptory challenge on Venireperson Number 33, Batson is not implicated. Needless to
say, trial counsel did not raise the objection at trial. Therefore, the issue could not be
raised on appeal, anyway. See Brown v. State, 769 S.W.2d 565, 568 (Tex. Crim. App.
1989) (applying rules of procedural default to Batson issue). 

 Citing Faurie v. State, 528 S.W.2d 263, 265-66 (Tex. Crim. App. 1975), in Issue
Nine Foley complains that the trial court failed to wait ten days following conviction before
pronouncing sentence. The procedure in effect when Faurie was decided was discarded
in 1981. See Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 113, 1981 Tex. Gen. Laws
761, 809, amending Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen.
Laws 317, 485. Modern criminal procedure does not require a delay in sentencing for
making motion for new trial and for giving notice of appeal. See Tex. Code Crim. Proc.
Ann. art. 42.03 (Vernon Supp. 2004); Tex. R. App. P. 21.4(a), 26.2(a).

 The remaining issues address ineffective assistance of counsel. Issue Ten concerns
a motion to withdraw filed by counsel and denied by the trial court during the pre-trial
hearing. Foley suggests that the motion establishes a conflict of interest between counsel
and the accused. The motion states merely, "Movant and Defendant have a personality
conflict that affects the working relationship needed to go forward with the case" and
"Defendant has expressed to Movant his desire to have a new attorney represent him with
his case." When questioned by the trial court, Foley expressed a desire to continue with
appointed counsel. The record does not support a claim of conflict of interest. 

 Issue Eleven claims counsel failed to adequately investigate and present evidence
on the appellant's behalf. Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). While questioning Foley
about his satisfaction with his lawyers, the trial court asked Foley if there was a potential
witness about whom counsel needed information. Foley said there was not. Ineffective
assistance of counsel was not raised and presented in a motion for new trial hearing;
therefore, we do not have a record of a hearing in which the attorney has been provided
with an opportunity to explain his actions. Absent such a record, we must presume that
counsel's performance was not deficient. See Bone v. State, 77 S.W.3d 828, 836 (Tex.
Crim. App. 2002). 

 Issue Twelve argues counsel failed to properly review the enhancement allegations,
and suggests that counsel should have advised Foley to plead "not guilty" because the
omission of the words "second degree felony" on the indictment would have limited his
exposure to state jail felony punishment. The penitentiary packets for the prior convictions
appear in the record, and would support an habitual offender finding. 

 In Issue Thirteen, Foley complains that counsel did not object to the charge. He
does not identify any particular infirmity in the charge provided to the jury at either phase
of the trial. The charge accurately sets out the law for burglary of a building, tracks the
indictment's allegations, properly allocated the burden of proof, and contains an
appropriate application paragraph. The charge on punishment tracks the indictment's
enhancement paragraphs to which Foley pleaded true and instructs the jury on the proper
punishment range. The record does not affirmatively demonstrate the alleged
ineffectiveness, as is required to sustain a claim of ineffective assistance on direct appeal. 
Thompson v. State, 9 S.W.3d at 813.

 In his final issue, Foley complains that appellate counsel filed an Anders brief. We
find no arguable error in our review of the clerk's record and the reporter's record;
therefore, we find it unnecessary to order appointment of new counsel to re-brief the
appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The
issues raised in the appellant's pro se brief are overruled. The judgment of the trial court
is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on April 2, 2004

Opinion Delivered June 9, 2004

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.