Horace Edward CATLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–86–077–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 26, 1987.

Craig A. Washington, Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kathlyn Giannaula, JoAnn Lee, Asst. Dist. Attys., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Horace Edward Catley, appeals a judgment of conviction for aggravated robbery, enhanced by two prior felony convictions. Appellant entered a plea of not guilty. The jury found appellant guilty and the court assessed punishment at fifty (50) years confinement in the Texas Department of Corrections. We affirm.

Appellant presents two points of error. He asserts the trial court erred in: (1) failing to sustain the defense objection to the makeup of the jury, based on the prosecutor's unexplained striking of minorities; and (2) admitting into evidence the fingerprint of the co-defendant, identified as appellant's brother.

In his first point of error, appellant claims the State exercised its peremptory challenges to strike minorities from the jury without explanation. He maintains such purposeful discrimination denied him federal and state constitutional guarantees of equal protection, as well as his right to a jury drawn from a cross-section of the community under article I, § 10 of the Texas Constitution. He asserts the trial court thus erred in denying his motion to quash the jury panel or his alternative motion for mistrial. We disagree.

It is clear that appellant bases his discrimination argument on the recent case of *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The *Batson* holding must be applied retroactively; thus *Batson* is applicable to the case before us. *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Chambers v. State*, 724 S.W.2d 440 (Tex. App.—Houston [14th Dist.] 1987, pet. pending).

■ *Batson* has lowered the repeated occurrence evidentiary standard required of a defendant under *Swain*, in order for him to make a prima facie case of purposeful discrimination. *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). A defendant may now establish a prima facie case of purposeful discrimination in jury selection solely on evidence concerning the prosecutor's exercise of peremptory challenges at his trial. To establish his prima facie case, a defendant (1) must show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to remove from the venire, members of the defendant's race; (2) may rely on the fact that peremptory challenges permit "those to discriminate who are of a mind to discriminate"; and (3) must show that these facts

and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen on account of their race. *Batson*, 106 S.Ct. at 1723.

■ Even if appellant had established his prima facie case under *Batson*, the record shows he has not preserved error. *Batson* requires a defendant to have timely objected to the prosecutor's peremptory challenges *before* the jury is sworn. Appellant's oral motion was made after the jurors were sworn; and his written motion was not to have been submitted until the following day ("[T]he defendant moves the Court by oral motion to be filed [sic] by written motion in the morning, to quash the jury selection, in the alternative for a mistrial. . . ."). Appellant has waived error by his untimely objection.

■ However, had error been properly preserved, appellant's oral motion does not present a proper equal protection objection to the purposeful discrimination addressed by *Batson*. The motion reads in pertinent part:

> Of the 10 strikes accorded to them by statute 8 were exercised by [sic] minority members of this community which deprives this defendant an opportunity to have a fair trial and cross-section of the citizens of Houston for which purpose I ask you quash the jury selection and grant him a mistrial.

A *Batson* objection concerns invidious discrimination that violates a defendant's equal protection guarantee. Appellant, as a black defendant, had the burden of showing the prosecutor removed *blacks* from the venire, rather than "minorities." In fact, six blacks and two Hispanics were struck peremptorily by the State; and one black served on the jury. *See Keeton v. State*, 724 S.W.2d 58 (Tex.Crim.App.1987).

Under the first element needed to establish the *Batson* prima facie case, appellant did show he was a member of a cognizable racial group. However, he has not shown that the prosecutor exercised peremptory challenges to remove members of his race from the venire. His "peerage" objection—eight strikes were exercised against *"minority members of this community* which deprives this defendant an opportunity to have a fair trial and *cross-section of the citizens of Houston . . ."* (emphasis added)—does not constitute an equal protection objection.

We hold appellant's failure to have made a timely and specific motion is sufficient basis for the trial court to have overruled the motion without providing the opportunity for appellant to present evidence. Appellant's first point of error is overruled.

In a multifarious second point of error, appellant alleges the trial court erred in admitting into evidence the fingerprint of the co-defendant, identified as appellant's brother, over objection of counsel. In his brief, appellant quotes at length from defense counsel's motion for mistrial, made immediately upon his learning of the State's possession of Kenneth Catley's fingerprint from the scene of the robbery. A prior motion for discovery had not uncovered the existence of the print, which appellant concedes had apparently been inadvertently misfiled by the Houston Police Department.

Although appellant's point of error is far from clear, it is premised on the theory that the fingerprint of appellant's brother was irrelevant and thus inadmissible. The second portion of his argument contests the admissibility of the testimony of Officer Wesley Sheldon, the latent fingerprint examiner. Appellant maintains that Sheldon's testimony was inadmissible hearsay. We disagree with appellant's two contentions and hold the evidence of the fingerprint and Sheldon's testimony were both properly admitted.

■ A fingerprint lifted from the scene of a crime is clearly relevant and admissible evidence. It is for the jury to decide what weight and credibility it wishes to give such evidence. The trial court thus did not err in admitting the Kenneth Catley print into evidence.

■ Appellant argues as well in his multifarious point of error that Officer Sheldon's testimony was inadmissible hearsay. In so maintaining, appellant makes a factu-

ally incorrect assertion. He concludes the testimony was hearsay because Officer Sheldon identified the owner of the fingerprint as the same person who was seated in the courtroom and positively identified by others as Kenneth Catley. Appellant states in his brief that "the fact that the fingerprint from the scene matched Appellant's brother's fingerprints, and that Appellant's brother was the same person seated in the courtroom, was definitely evidence of a hearsay statement...." In fact, the record shows that Sheldon, who was the Identification Division records custodian, never connected the Catley print to those of a man seated in the courtroom and identified as Kenneth Catley. Sheldon testified on cross-examination only that he compared the unknown print with prints on the arrest record of a Kenneth Edward Catley:

Q. Officer Sheldon, do you know of—you did the prints that you used for comparison. Were they within your knowledge the prints of Kenneth Catley?

A. Yes.

Q. Within your knowledge?

A. Yes.

Q. The prints of Kenneth Catley?

A. Yes, that is correct.

Q. How many Kenneth Catleys do you know of?

A. *Excuse me. Kenneth Edward Catley, Houston No. 313672.*

Q. You don't know the individual?

A. *No, I don't know the individual* (emphasis added).

We find Sheldon's testimony, not being hearsay, was clearly admissible. Appellant's hearsay argument is meritless.

We note from the record that although Sheldon did not identify Kenneth Catley, who was in the courtroom at appellant's request (apparently to aid in his defense), Catley had been previously identified by other witnesses. The statement of facts shows that three witnesses—the savings institution branch manager, complainant Wanda Champ; the assistant manager; and a savings representative—all made positive in-court identifications of appellant as the first of the two robbers, as well as his brother, Kenneth Catley, as the second. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.