**Horace Edward CATLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–077–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1988.

Discretionary Review Refused March 8, 1989.

**466**

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Kathlyn Giannaula, JoAnn Lee, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Horace Edward Catley, appeals his conviction for the offense of aggravated robbery, enhanced by two prior convictions. The jury rejected appellant's not guilty plea and the court assessed punishment at fifty (50) years confinement in the Texas Department of Corrections. We affirm.

On direct appeal, appellant presented two points of error. This court overruled both points. We held, that as to point of error one, appellant had not objected before the jury was sworn and, thus, had not preserved error with respect to the State's use of peremptory strikes to remove black venirepersons from the jury. *Catley v. State,* 726 S.W.2d 595 (Tex.App.—Houston [14th Dist.] 1987). After granting petition for discretionary review, the Court of Criminal Appeals remanded the appeal to this court for reconsideration of the first point of error in light of *Henry v. State,* 729 S.W.2d 732 (Tex.Crim.App.1987); *Keeton v. State,* 724 S.W.2d 58 (Tex.Crim.App.1987) and *Keeton v. State,* 749 S.W.2d 861 (Tex.Crim. App.1988) (opinion after remand).

After reviewing those authorities, we believed appellant properly preserved error under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and

that additional proceedings were necessary. On October 17, 1988, the trial court conducted a *Batson* hearing and determined that appellant, although having made a prima facie case, failed to rebut the State's racially neutral reasons for the use of its peremptory strikes.

Our role as the appellate court is to review the evidence to determine whether purposeful discrimination was established. *Keeton,* 749 S.W.2d at 861. We must consider the evidence in the light most favorable to the trial court's rulings and determine if those rulings are supported by the record. If the record supports those findings, they will not be disturbed on appeal. *Id.* Thus, applying this standard to the facts at bar, we find that the trial court's findings are supported by the record.

Forty venirepersons were called to hear appellant's case. The panel consisted of thirty-one whites, seven blacks and two Hispanics. The State struck six blacks, two Hispanics and two whites. One black served on the jury panel. Appellant's trial counsel stated that the stricken minority venirepersons were: No. 3, an Hispanic woman who's husband was a security guard and who appellant perceived as "pro-State"; No. 7, a black teacher; No. 13, a black housewife whose son had committed burglary but who was also a witness for the state in a prior criminal trial; No. 15, a black housewife who had served on a criminal jury; No. 17, a single unemployed black woman who was noted to have been a theft victim, had a relative who was a victim of a crime, and who had previously served on a jury; No. 18, an Hispanic woman; No. 24, a nineteen year old black male whose father was a constable; and No. 29, a black man whose brother was connected to a burglary.

The State explained its strikes as follows: No. 3 was struck because she was only twenty-three. The prosecutor believed, from prior experience, that young jury members would not consider the case closely. The prosecutor stated that her usual age cut-off was age 25. That this venireperson's husband was a security guard was of no consequence. The court noted that in its past experience, security guards were

not pro-State. No. 7 was struck because she was perceived to be more lenient in punishment and because she had filled out her juror information form improperly. The prosecutor concluded that a teacher should be able to properly fill out a document. The prosecutor noted that jurors No. 4 and 5 were teachers who filled out their forms properly. She did not strike these jurors. The prosecutor also said that jurors No. 4 and 5 responses did not give the prosecutor a "bad feeling" regarding their ability to serve on the panel. Moreover, juror No. 5, a black teacher, was a previous crime victim and perceived by the prosecutor to be "pro-State". No. 13 was struck because her son was on probation for burglary. The prosecutor stated that it was her belief that a juror who has a relative charged or convicted of a crime cannot be impartial to the State. No. 15 was struck for several reasons. First, the prosecutor perceived that this venireperson put too much credence in appellant's trial counsel's status as a State senator. She felt No. 15 was too "enamored" and hung on counsel's every word. The prosecutor had also stricken a white juror for this same reason. Second, No. 15 did not fill out her juror information form correctly. For instance, she did not fill out whether or not she had been a complainant, accused or a witness in a prior criminal case. In sum, the prosecutor felt she knew too little of this individual other than having observed this juror's demeanor towards appellant's counsel. The prosecutor believed that No. 15 would pay more attention to the charisma of the senator than to the evidence. No. 17 was struck because she had a relative who was convicted of bank robbery. The prosecutor noted that juror No. 22 also had a brother who was charged with embezzlement, but that this juror had served on a prior jury and appeared to feel that his brother's punishment was appropriate. No. 18 was struck because he was only twenty-one years old. The prosecutor felt that this juror would have a hard time "dishing out the kind of punishment [the State] was going to be asking for." No. 24 was struck because he was nineteen years old and unemployed. The prosecutor struck him for the same reason she struck the other under twenty-five year olds. The prosecutor said there was only one person under twenty-five that she did not strike, No. 27, because she felt that appellant's counsel would strike him. No. 27 told appellant's counsel that he "had an uneasy feeling or funny feeling about somebody that did not testify." No. 29 was struck because he had a brother previously convicted of burglary. The State felt this juror could not be impartial to the State.

The court noted that the State had been limited to thirty minutes for its voir dire, that the court had observed the prosecutor on previous occasions and she was credible, that the prosecutor's reasons for her strikes were racially neutral, and that appellant offered no evidence to rebut the State's reasons. There is sufficient evidence to support these findings that there was no purposeful discrimination by the prosecutor in the use of her peremptory strikes. TEX.R.APP.P. 50(d); 53(k); 74(f); 81(b)(2). The State's reasons did not have to justify a challenge for cause. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Keeton v. State*, 724 S.W.2d 58 (Tex.Crim.App.1987). Since no reversible error arose with regard to the State's use of peremptory strikes, a new trial is not required. The first point of error is overruled.

The JUDGMENT IS AFFIRMED.