**Lonecia Pauline FOWLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00131–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 9, 1993.

Discretionary Review Refused Nov. 17, 1993.

---

Kenneth P. Mingledorff, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

After a jury trial, appellant was convicted of voluntary manslaughter. TEX.PENAL CODE ANN. § 19.04 (Vernon 1989). The jury assessed punishment at ten years imprisonment, and made an affirmative finding of the use of a deadly weapon, namely a knife. On appeal, appellant raises three points of error. In her first two points, she alleges that the State's use of peremptory strikes violated her constitutional rights under *Batson v.*

*Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). She also claims in her third point that the trial court abused its discretion by considering the prosecutor's performance in a previous trial when determining his credibility. We affirm.

■ In *Batson,* the United States Supreme Court reaffirmed that the State's purposeful use of peremptory challenges in a racially discriminatory manner violates the equal protection clause of the fourteenth amendment. Once a defendant makes a prima facie showing of the State's discriminatory use of peremptory challenges, the burden shifts to the State to give a neutral explanation for the peremptory challenges. *Batson,* 476 U.S. at 96–98, 106 S.Ct. at 1722–24; *Linscomb v. State,* 829 S.W.2d 164, 165 (Tex. Crim.App.1992). To codify and implement *Batson* in Texas, the legislature enacted TEX. CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989).

In the present case, the record shows that the following exchange occurred just after the names of the twelve jurors were called:

DEFENSE COUNSEL: Your Honor, could we approach the bench?

THE COURT: All right.

(Whereupon counsel approached the bench and the following discussion ensued outside the hearing of the jury.)

THE COURT: On the first row did you strike any blacks?

PROSECUTOR: No. 2, No. 13, and No. 14 because she didn't have—she filled out the Juror Information form and listed her name incorrectly under "Husband or Wife's Name."

THE COURT: She did what?

PROSECUTOR: She filled out the Juror Information Form incorrectly.

THE COURT: Well, she said she's Patricia Ann Cole and listed her husband as Patricia Ann Cole.

Do you have any response, Mr. Stripling [defense counsel]?

DEFENSE COUNSEL: Judge, absent the fact she put her name up there, it says "Husband or Wife's Name," and she could have made a mistake and put her name up

there. I don't think that's an adequate cause to strike her, Your Honor, under *Batson*.

THE COURT: I will overrule your motion on that one.

Article 35.261 of the Code of Criminal Procedure provides, in part, as follows:

(a) After the parties have delivered their lists [of peremptory challenges] to the clerk ... and before the court has impanelled the jury, the defendant may request the court to dismiss the array and call a new array in the case.

TEX.CODE CRIM.PROC.ANN. art. 35.261 (Vernon 1989). Appellant's counsel failed to follow this procedure. He merely asked to approach the bench, and the trial court began to question him. There is nothing in the record to show that appellant's counsel objected to the jury panel and/or requested a *Batson* hearing. There is no oral or written *Batson* motion. When a party intends to complain of *any* error, they must present "a timely request, objection or motion," and state the specific grounds in order to preserve the complaint for appeal. TEX.R.APP.P. 52(a). This record does not contain a timely request, objection or motion. Further, we do not consider the colloquy that is in the record as evidence of a *Batson* hearing. We hold that appellant failed to properly preserve any error with regard to the possible racial motivation behind the peremptory challenges exercised by the prosecutor. *See Hinojosa v. State*, 780 S.W.2d 299, 301 (Tex.App.—Beaumont 1989, pet. ref'd).

Appellant cites *Hill v. State*, 827 S.W.2d 860 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 113 S.Ct. 297, 121 L.Ed.2d 221 (1992) to support her claim. *Hill* holds that when the prosecutor has articulated his reasons for the challenged peremptory strike and the trial court has ruled on the ultimate question of intentional discrimination, the issue of whether a prima facie case was established is moot. *Id.* at 865. However, in *Hill*, the defendant properly preserved his complaint; he objected, moved that the jury be dismissed, and called for a new array. *Hill v. State*, 787 S.W.2d 74, 75 (Tex.App.—Dallas 1990), *aff'd*, 827 S.W.2d 860 (Tex.Crim.App.1992). Here, there is simply no evidence in the record that

a *Batson* motion was made or that appellant requested the court to dismiss the array or call a new one. Obviously something occurred because the court asked the State a question regarding striking "blacks." However, the record is too thin to support a claim of reversible error. Finding appellant's *Batson* complaints are not properly preserved for this court, we overrule her first and second points of error.

■ Appellant complains in her third point of error that the trial court erroneously considered the prosecutor's performance at a previous trial in making its determination that the State did not purposefully discriminate. Based upon the record before us and our analysis of appellant's first two points of error, we find that appellant has also waived her third point. However, had the point been properly preserved, our review of the record fails to support appellant's contention. Because the trial judge is the fact finder and determines the issue of credibility, we cannot say that it is error for the court to consider its past experiences with a prosecutor in evaluating his credibility. We overrule appellant's third point of error.

We affirm appellant's conviction.

MURPHY, J., dissents.

MURPHY, Justice, dissenting.

I respectfully dissent. The majority holds that appellant failed to properly preserve her *Batson* complaints, and I disagree. Appellant clearly made her complaints about the prosecutor's racial motivations for his peremptory strikes known to the trial court. It is apparent from the record that the trial court conducted a *Batson* hearing after jury selection was completed. The court's first question to the prosecutor asked, "On the first row did you strike any blacks?" Shortly after, appellant's counsel argued to the court, "I don't think that's an adequate cause to strike her, Your Honor, under *Batson*."

The court proceeded to ask the prosecutor about each juror struck, and whether the strike was racially motivated. The prosecutor responded with race-neutral reasons for his strikes. The court overruled an objection

to a challenge on the basis that the prospective juror answered that "the primary purpose for the criminal justice system was rehabilitation." The court then asked, "Anything further on your *Batson* motion?" When the prosecutor identified two black prospective jurors that he had not struck, the court noted, "So you did not strike several blacks." Appellant's counsel then renewed his *Batson* objection, arguing that "the State has not made any intelligent reason for striking these people." The court then overruled his objection stating, "I find that he had reason, that he has demonstrated it on the record, but let me admonish the State, in the future to be very careful about your strikes, because I am taking you at good faith, that you have struck these people for good cause." The court further stated, "Well, I don't see any pattern, that he strikes blacks or minorities."

In my opinion, appellant preserved her *Batson* challenge, and the court conducted a *Batson* hearing on her complaints. I would follow the longstanding Texas rule that no waiver results from a general or imprecise objection where the ground of objection was obvious to the trial court and opposing counsel. *See Carter v. State,* 717 S.W.2d 60, 76 (Tex.Crim.App.1986). Here, appellant's objection to the array was obvious to both the court and the State, as shown by the court's conducting a hearing and the prosecutor's participation at the hearing by providing his reasons for his strikes. Thus, I would review appellant's complaints on appeal and sustain her second point of error. In appellant's second point of error, she complains that the State's use of a peremptory strike against prospective juror no. 24, Rosalia Taylor, was racially motivated. The entire discussion about this challenge was as follows:

DEFENSE COUNSEL: Are there any other blacks you did not strike?

PROSECUTOR: I don't know. I don't know who's black and who's not from my sheet.

Juror No. 20, is he black?

DEFENSE COUNSEL: Yes, but he was for cause.

PROSECUTOR: I didn't strike him. No. 22?

DEFENSE COUNSEL: No.

PROSECUTOR: No. 24.

THE COURT: You struck her?

PROSECUTOR: Because she served on a hung jury before, two hung juries before.

THE COURT: Okay. Any response? Who else?

In reviewing a *Batson* claim, an appellate court must determine if the State exercised its peremptory strikes in a purposefully discriminatory manner. *Keeton v. State,* 749 S.W.2d 861, 870 (Tex.Crim.App.1988). The standard of review for a *Batson* challenge is whether the fact findings of the trial court are clearly erroneous. *Whitsey v. State,* 796 S.W.2d 707, 726 (Tex.Crim.App.1989) (op. on reh'g). A trial court's finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Harris v. State,* 827 S.W.2d 949, 955 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992).

The State contends that appellant has not made a prima facie showing of purposeful discrimination because the record is silent as to the race of the challenged prospective juror. Appellant failed to establish by evidence, in the nature of a stipulation or otherwise, that prospective juror no. 24 was black. *See Dutton v. State,* 836 S.W.2d 221, 224 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Price v. State,* 726 S.W.2d 611, 613 (Tex.App.—Houston [14th Dist.] 1987, no pet.). The juror information cards do not indicate race. She also failed to establish how many of the jurors the State struck were black, and how many blacks served on the jury, although it is clear from the record that at least one black person served on the jury.

However, the court of criminal appeals has held that the issue of whether appellant has established a prima facie case will not be reviewed when the prosecutor has articulated his reasons for the challenged peremptory strike and the trial court has ruled on the ultimate question of intentional discrimination. *Hill v. State,* 827 S.W.2d 860, 865 (Tex.Crim.App.), *cert. denied,* —— U.S. ——,

113 S.Ct. 297, 121 L.Ed.2d 221 (1992). Here, the prosecutor articulated his reasons for the strikes, and trial court ruled there was no intentional discrimination. Thus, the issue of whether a prima facie case was established is moot.

The prosecutor claimed to have struck prospective juror no. 24, Ms. Taylor, because she had served on two prior juries that had failed to reach a verdict. This has been held to be a sufficiently race-neutral explanation for exercising a peremptory challenge. *Frierson v. State*, 839 S.W.2d 841, 854 (Tex.App.—Dallas 1992, pet. ref'd). However, my review of the record shows that the State failed to ask Ms. Taylor about her prior jury service. Her juror information card indicates that she had served on both criminal and civil juries before, but does not indicate whether a verdict was reached. Many of the prospective jurors were asked about their prior jury service and informed the prosecutor whether that jury had reached a verdict, but the record is silent about the result of Ms. Taylor's jury service.

The prosecutor's stated reason for striking Ms. Taylor may have been pretextual, or merely an honest mistake. In either case, based on my review under the appropriate standard, I am left with the definite and firm conviction that a mistake has been made. Therefore, I would conclude that the trial court's finding that the State gave sufficient race-neutral reasons for its strikes is clearly erroneous with respect to the strike of this prospective juror. I would sustain appellant's second point of error and reverse her conviction and remand this cause for a new trial.