

## NUMBER 13-09-00193-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JEFFRY HERZOG A/K/A JEFF HERZOG,                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Jeffry Herzog a/k/a Jeff Herzog, of the offense of

intoxication manslaughter, a second-degree felony. *See* TEX. PENAL CODE ANN. § 49.08

(Vernon Supp. 2009). The jury assessed punishment at eleven years' imprisonment in the

Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000

fine. By three issues, Herzog contends that the prosecutor engaged in misconduct during the punishment phase of trial. We affirm.[1]

## I. APPLICABLE LAW

On appeal, Herzog's complaints center on the prosecutor's conduct during the punishment phase of trial. We review allegations of prosecutorial misconduct on a case-by-case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). The review is not limited to only the facts of each case, but also the probable effect on the jurors' minds. *Hodge v. State*, 488 S.W.2d 779, 781-82 (Tex. Crim. App. 1973). To preserve error in cases of prosecutorial misconduct, the defendant must (1) make a timely and specific objection, (2) request an instruction that the jury disregard the matter improperly placed before it, and (3) move for a mistrial. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (citing TEX. R. APP. P. 33.1(a)).

## II. ANALYSIS

By his first and second issues, Herzog contends that the trial court erred in not *sua sponte* declaring a mistrial during the State's closing argument at the punishment phase of trial. Specifically, Herzog asserts that the State engaged in improper jury argument by "ask[ing] the members of the jury to place themselves in the shoes of the victim" and representing itself as the victim's attorney. During its closing statement, the State argued:

> And so when you sit and you ponder this case, I want you to put

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

yourself in [the victim's mother's] shoes at 5:00 o'clock in the morning trying to figure out where your baby is, hearing that somehow she's been in an accident. You can't figure it out. And because it's appropriate at this time[,] I'm going to tell you something. There's anger in this room, anger because the State has an obligation to represent her victims zealously, the same right a defendant has to have his case represented zealously. The State of Texas through her District Attorney's office represents all of her victims zealously.

In most circumstances, a party raising a complaint on appeal must have made a timely and specific objection in the trial court and the court must have ruled on the objection. *See* TEX. R. APP. P. 33.1(a); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with [r]ule 33.1(a)." *Mendez*, 138 S.W.3d at 342. Herzog voiced no objection to the above statements and fails to cite any authority to support his contention that the trial court had an absolute duty to declare a mistrial. Accordingly, we reject Herzog's argument that the trial court had a duty to take action by declaring a mistrial *sua sponte*. *See id.* Because Herzog did not make a timely objection to the prosecutor's statements, error by the State, if any, was not preserved. *See* TEX. R. APP. P. 33.1(a); *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (en banc) (per curiam) (concluding that a prosecutorial misconduct complaint was not preserved for review due to appellant's failure to object at the earliest possible moment); *see also Lozano v. State*, No. 13-08-00180-CR, 2010 WL 411753, at *1 (Tex. App.–Corpus Christi Feb. 4, 2010, no pet.) (mem. op., not designated for publication) (same). We overrule Herzog's first and second issues.

By his third issue, Herzog contends that the prosecutor engaged in misconduct by "ask[ing] the jury to speculate on the existence of facts outside the record." During his

closing argument at the punishment phase of trial, defense counsel stated:

> But the first thing I want to bring up is Jeff Herzog. There was some discussion concerning his criminal history, some discussion which was kind of alluded to. He had a DWI charge in San Patricio County eight or so years ago that was dismissed for insufficient evidence. Now, there's a reason cases are dismissed for insufficient evidence, and that's because the evidence is insufficient. So please keep that in mind. Do not be misled by that. He also had an evading charge that was tried by a jury, and I know because I was the lawyer. He was acquitted by a jury of that charge, found not guilty. So don't be misled by any of that, please.
>
> Now, he's filled out an application for probation. He's never had a felony conviction. And I say that to you just simply because I want you to understand the whole story.

During its closing argument, the State responded to Herzog's argument that he had never been convicted of a felony. Herzog asserts that the State's response was improper and points us to the following argument and colloquy:

> [The State]:     . . . The range of punishment is what it is in this state. It's anywhere from probation, two to 20 years, a $10,000 fine. And I don't know what motion that Defense Counsel talked about, but there's no evidence before you that he's never been convicted of a felony in the state of Texas. There was his testimony that he had never been arrested or put in jail, but that got blown out of the water.
>
> [Defense Counsel]: Could we approach, Judge?
>
> The Court: The jury heard the evidence. No. Sit down.
>
> [Defense Counsel]: Your Honor—
>
> The Court: The jury—don't.
>
> [Defense Counsel]: He has never been convicted of a felony—
>
> The Court: I said sit down.

| | |
|---|---|
| [Defense Counsel]: | —ever. |
| The Court: | Ask the jury out, please. |
| The Bailiff: | All rise for the jury. |
| The Court: | Get up here. |
| [Defense Counsel]: | Sorry, Judge. |
| The Court: | Be quiet. |

       (Jury exits courtroom.)

| | |
|---|---|
| The Court: | You know better that once I said that's enough, sit down, you don't talk anymore.  You know what to do after that.  You do that one more time, I will put you in jail.  Do I make myself clear? |
| [Defense Counsel]: | I understand that, Judge. |

On appeal, Herzog contends that "[t]he clear implication of this argument was that [the State] wanted the jury to speculate and consider that defendant had been convicted of a felony in the past."  However, as previously stated, in order to raise a complaint on appeal, a party must make a timely and specific objection in the trial court and the court must rule on the objection.  *See* TEX. R. APP. P. 33.1(a); *Mendez*, 138 S.W.3d at 341. When the State engaged in the alleged misconduct, defense counsel asked to approach the bench; however, he failed to state an objection upon which the trial court could rule. Accordingly, we cannot conclude that the above interjection by defense counsel is sufficient to preserve error.  *See* TEX. R. APP. P. 33.1(a); *see also Fowler v. State*, 863 S.W.2d 187, 189 (Tex. App.–Houston [14th Dist.] 1993, writ ref'd) (holding that defense counsel's request to "approach the bench" did not constitute an objection sufficient to

preserve complaint on appeal).  We overrule Herzog's third issue.

### III. Conclusion

Having overruled all of Herzog's issues on appeal, we affirm the judgment of the

trial court.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b)
Delivered and filed the
5th day of August, 2010.