NUMBER 13-09-00193-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

JEFFRY HERZOG A/K/A JEFF HERZOG, Appellant,


v.

 

THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 214th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Yañez and Garza


 Memorandum Opinion by Chief Justice Valdez
 

 A jury convicted appellant, Jeffry Herzog a/k/a Jeff Herzog, of the offense of
intoxication manslaughter, a second-degree felony. See Tex. Penal Code Ann. § 49.08
(Vernon Supp. 2009). The jury assessed punishment at eleven years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000
fine. By three issues, Herzog contends that the prosecutor engaged in misconduct during
the punishment phase of trial. We affirm. (1)I. Applicable Law

 On appeal, Herzog's complaints center on the prosecutor's conduct during the
punishment phase of trial. We review allegations of prosecutorial misconduct on a
case-by-case basis. Stahl v. State, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). The
review is not limited to only the facts of each case, but also the probable effect on the
jurors' minds. Hodge v. State, 488 S.W.2d 779, 781-82 (Tex. Crim. App. 1973). To
preserve error in cases of prosecutorial misconduct, the defendant must (1) make a timely
and specific objection, (2) request an instruction that the jury disregard the matter
improperly placed before it, and (3) move for a mistrial. Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996). "The essential requirement is a timely, specific request that the
trial court refuses." Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004) (citing Tex.
R. App. P. 33.1(a)).

II. Analysis

 By his first and second issues, Herzog contends that the trial court erred in not sua
sponte declaring a mistrial during the State's closing argument at the punishment phase
of trial. Specifically, Herzog asserts that the State engaged in improper jury argument by
"ask[ing] the members of the jury to place themselves in the shoes of the victim" and
representing itself as the victim's attorney. During its closing statement, the State argued:

 And so when you sit and you ponder this case, I want you to put
yourself in [the victim's mother's] shoes at 5:00 o'clock in the morning trying
to figure out where your baby is, hearing that somehow she's been in an
accident. You can't figure it out. And because it's appropriate at this time[,]
I'm going to tell you something. There's anger in this room, anger because
the State has an obligation to represent her victims zealously, the same right
a defendant has to have his case represented zealously. The State of Texas
through her District Attorney's office represents all of her victims zealously.


 In most circumstances, a party raising a complaint on appeal must have made a
timely and specific objection in the trial court and the court must have ruled on the
objection. See Tex. R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim.
App. 2004). "Except for complaints involving systemic (or absolute) requirements, or rights
that are waivable only, . . . all other complaints, whether constitutional, statutory, or
otherwise, are forfeited by failure to comply with [r]ule 33.1(a)." Mendez, 138 S.W.3d at
342. Herzog voiced no objection to the above statements and fails to cite any authority to
support his contention that the trial court had an absolute duty to declare a mistrial. 
Accordingly, we reject Herzog's argument that the trial court had a duty to take action by
declaring a mistrial sua sponte. See id. Because Herzog did not make a timely objection
to the prosecutor's statements, error by the State, if any, was not preserved. See Tex. R.
App. P. 33.1(a); Penry v. State, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995) (en banc)
(per curiam) (concluding that a prosecutorial misconduct complaint was not preserved for
review due to appellant's failure to object at the earliest possible moment); see also Lozano
v. State, No. 13-08-00180-CR, 2010 WL 411753, at *1 (Tex. App.-Corpus Christi Feb. 4,
2010, no pet.) (mem. op., not designated for publication) (same). We overrule Herzog's
first and second issues.

 By his third issue, Herzog contends that the prosecutor engaged in misconduct by
"ask[ing] the jury to speculate on the existence of facts outside the record." During his
closing argument at the punishment phase of trial, defense counsel stated:

But the first thing I want to bring up is Jeff Herzog. There was some
discussion concerning his criminal history, some discussion which was kind
of alluded to. He had a DWI charge in San Patricio County eight or so years
ago that was dismissed for insufficient evidence. Now, there's a reason
cases are dismissed for insufficient evidence, and that's because the
evidence is insufficient. So please keep that in mind. Do not be misled by
that. He also had an evading charge that was tried by a jury, and I know
because I was the lawyer. He was acquitted by a jury of that charge, found
not guilty. So don't be misled by any of that, please.


 Now, he's filled out an application for probation. He's never had a
felony conviction. And I say that to you just simply because I want you to
understand the whole story.

 

 During its closing argument, the State responded to Herzog's argument that he had
never been convicted of a felony. Herzog asserts that the State's response was improper
and points us to the following argument and colloquy:

[The State]: . . . The range of punishment is what it is in this state. 
It's anywhere from probation, two to 20 years, a
$10,000 fine. And I don't know what motion that
Defense Counsel talked about, but there's no evidence
before you that he's never been convicted of a felony in
the state of Texas. There was his testimony that he
had never been arrested or put in jail, but that got blown
out of the water.


[Defense Counsel]: Could we approach, Judge?


The Court: The jury heard the evidence. No. Sit down.


[Defense Counsel]: Your Honor--


The Court: The jury--don't.


[Defense Counsel]: He has never been convicted of a felony--


The Court: I said sit down.

[Defense Counsel]: --ever.

The Court: Ask the jury out, please.


The Bailiff: All rise for the jury.


The Court: Get up here.


[Defense Counsel]: Sorry, Judge.


The Court: Be quiet.


 (Jury exits courtroom.)


The Court: You know better that once I said that's enough, sit
down, you don't talk anymore. You know what to do
after that. You do that one more time, I will put you in
jail. Do I make myself clear?


[Defense Counsel]: I understand that, Judge.


 On appeal, Herzog contends that "[t]he clear implication of this argument was that
[the State] wanted the jury to speculate and consider that defendant had been convicted
of a felony in the past." However, as previously stated, in order to raise a complaint on
appeal, a party must make a timely and specific objection in the trial court and the court
must rule on the objection. See Tex. R. App. P. 33.1(a); Mendez, 138 S.W.3d at 341. 
When the State engaged in the alleged misconduct, defense counsel asked to approach
the bench; however, he failed to state an objection upon which the trial court could rule. 
Accordingly, we cannot conclude that the above interjection by defense counsel is
sufficient to preserve error. See Tex. R. App. P. 33.1(a); see also Fowler v. State, 863
S.W.2d 187, 189 (Tex. App.-Houston [14th Dist.] 1993, writ ref'd) (holding that defense
counsel's request to "approach the bench" did not constitute an objection sufficient to
preserve complaint on appeal). We overrule Herzog's third issue.

III. Conclusion

 Having overruled all of Herzog's issues on appeal, we affirm the judgment of the
trial court.

 ________________________

 ROGELIO VALDEZ

 Chief Justice 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

5th day of August, 2010. 


 
1. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4.