# NO. 12-19-00277-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KAREN ELAINE MADRID,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Karen Elaine Madrid appeals her conviction for injury to the elderly. In two issues, Appellant contends the State improperly struck a member of the jury panel and that she was denied a fair trial by a jury of her peers. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to the elderly. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At the conclusion of voir dire, the State and Appellant's trial counsel agreed to strike several jurors. The State then used one of its ten peremptory strikes on veniremember number 17, who Appellant claims was the only African American veniremember remaining. Appellant nor her trial counsel objected to the State's use of its strikes. Following evidence and argument, the jury found Appellant "guilty" and sentenced her to six years imprisonment and a $10,000 fine. This appeal followed.

## *BATSON* CHALLENGE

In her first issue, Appellant argues that the State improperly exercised a peremptory strike against an African American veniremember.

## Standard of Review and Governing Law

The use of a peremptory challenge to strike a potential juror because of race violates the equal protection guarantee of the United States Constitution and Article 35.261 of the Texas Code of Criminal Procedure.  *See Batson v. Kentucky,* 476 U.S. 79, 86, 106 S. Ct. 1712, 1717, 90 L. Ed. 2d 69 (1986); *see also* TEX. CODE CRIM. PROC. ANN. art. 35.261 (West 2006).  In the face of perceived purposeful discrimination, a party may request a *Batson* hearing.  *See Batson*, 476 U.S. at 86, 106 S. Ct. at 1717.

*Batson* provides a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race.  *Snyder v. Louisiana*, 552 U.S. 472, 476–77, 128 S. Ct. 1203, 1207, 170 L. Ed. 2d 175 (2008); *Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008).  The opponent of a peremptory challenge first must make a prima facie case that the peremptory challenge was exercised on the basis of race.  *Snyder*, 552 U.S. at 476, 128 S. Ct. at 1207; *Watkins*, 245 S.W.3d at 447.  If that showing has been made, the burden of production shifts to the proponent of the strike to offer a race-neutral basis for striking the juror in question.  *Snyder*, 552 U.S. at 476–77, 128 S. Ct. at 1207; *Watkins*, 245 S.W.3d at 447.  The issue in step two is the facial validity of the prosecutor's explanation, and "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."  *Purkett v. Elem*, 514 U.S. 765, 768, 115 S. Ct. 1769, 1771, 131 L. Ed. 2d 834 (1995); *see also Williams v. State*, 301 S.W.3d 675, 689 (Tex. Crim. App. 2009).  In the third and final step, the trial court must determine whether the opponent of the strike carried her burden to prove purposeful discrimination.  *Snyder*, 552 U.S. at 477, 128 S. Ct. at 1207; *Young v. State*, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009).  Throughout the challenge, the burden of persuasion remains with the defendant, who may continue to rebut the prosecutor's explanations before the trial court decides the *Batson* challenge.  *Moore v. State*, 265 S.W.3d 73, 78 (Tex. App.–Houston [1st Dist.] 2008, no pet.).

When the State offers a race neutral explanation for the strikes, the defendant must prove that the prosecutor's reasons were merely a sham or pretext.  *Watkins*, 245 S.W.3d at 447.  "The ultimate plausibility of that race-neutral explanation is to be considered as part of the third step of the analysis, in which the trial court determines whether the opponent of the strike (usually the defendant) has satisfied his burden of persuasion to establish by a preponderance of the evidence that the strike was indeed the product of the proponent's purposeful discrimination."  *Id*.  Whether

the opponent satisfies his burden of persuasion to show that the proponent's facially race neutral explanation for his strike is pretextual, not genuine, is a question of fact for the trial court to resolve in the first instance. *Id.*

**Analysis**

Appellant argues that the trial court abused its discretion when it allowed the State to strike the sole remaining African American veniremember. She contends that the State struck the veniremember based on racial discrimination, which deprived her of a fair trial and a jury of her peers.[1]

If the defendant suspects the State of making race-based challenges, she may request a ***Batson*** hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a). Article 35.261 provides "uniform procedures and remedies to address claimed constitutional violations during jury selection." ***State v. Oliver***, 808 S.W.2d 492, 496 (Tex. Crim. App. 1991). "Therefore, whenever a claim is made that veniremembers were peremptorily challenged on the basis of their race, [A]rticle 35.261 must be followed." ***Hill v. State***, 827 S.W.2d 860, 863 (Tex. Crim. App. 1992). To be timely under Article 35.261, a ***Batson*** challenge must be made "before the court has impanelled the jury." TEX. CODE CRIM. PROC. ANN. art. 35.261(a); ***Hill***, 827 S.W.2d at 864. "A jury is considered 'impanelled' when the members of the jury have been both selected and sworn." ***Hill***, 827 S.W.2d at 864 (citing ***Price v. State***, 782 S.W.2d 266, 269 (Tex. App.–Beaumont 1989, pet. ref'd)).

Here, Appellant did not make a ***Batson*** challenge in the trial court, either before or after the jury was impaneled. As a result, she has not preserved this issue for appellate review. *See* TEX. CODE CRIM. PROC. ANN. art. 35.261(a); *see also* ***Hill***, 827 S.W.2d at 864; ***Fowler v. State***, 863 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); TEX. R. APP. P. 33.1(a)(1) (to preserve a complaint for appellate review, party must first present to trial court a timely request, objection, or motion stating specific grounds for desired ruling if not apparent from the context). Therefore, we overrule Appellant's first issue.

---

[1] We note that the record does not demonstrate the race of veniremember number 17.

In her second issue, Appellant contends her trial counsel's failure to raise a **Batson** challenge denied her a fair trial and a jury of her peers. We construe this as a claim that she received ineffective assistance of counsel.

## Governing Law

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). **Hernandez v. State**, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. **Strickland**, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of **Strickland** by a preponderance of the evidence. **Tong v. State**, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. **Thompson v. State**, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See* **Strickland**, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." **Id.**, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. **Id.**, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. **Id.** When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. **Id.**, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See* **id.**, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. **Id.** It is the appellant's burden to

4

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

## Evaluation of Trial Counsel's Representation

On appeal, Appellant's argument that her attorney failed to raise a *Batson* challenge to the State's striking the last African American member of the venire panel amounts to a contention that his performance at trial fell below the professional norm.

Appellant has the burden to present a sufficient record of reversible error. *See* TEX. R. APP. P. 50(d); *see also Thompson,* 9 S.W.3d at 814. Here, the record is silent as to why trial counsel did not request a *Batson* hearing. Trial counsel's failure to challenge the State's strike could be sound trial strategy and a reasonable decision under the circumstances of this case. *See Strickland,* 466 U.S. at 689. The record therefore does not overcome the strong presumption of reasonable assistance. *Thompson,* 9 S.W.3d at 814. Nor has Appellant demonstrated that she was prejudiced by trial counsel's actions, such as that the improperly struck juror would have rendered a different verdict, or she was forced to accept an objectionable juror or that the selected jury was incapable of providing the impartial tribunal necessary to ensure the proper functioning of the adversarial system. *See Batiste v. State*, 888 S.W.2d 9, 15 (Tex. Crim. App. 1994) (en banc) ("the likelihood that failure of counsel to ensure that racial discrimination did not take place in jury selection will render trial unfair is not so great as to justify exempting ineffective counsel claims for lack of a *Batson* objection from *Strickland's* "prejudice" prong"); *Byrd v. State*, No. 10-13-00381-CR, 2015 WL 294674, at *1 (Tex. App.—Waco Jan. 22, 2015) (mem. op., not designated for publication), *aff'd as modified*, 499 S.W.3d 443 (Tex. Crim. App. 2016). Without a record of a *Batson* hearing, there is no way Appellant can establish on this direct appeal whether a *Batson*

challenge would have been successful, and thus no way she can establish that the results of the case would have been different but for trial counsel's decision not to request a ***Batson*** hearing. *See **Tanner v. State***, No. 12-13-00108-CR, 2014 WL 3778966 (Tex. App.—Tyler July 31, 2014, pet. ref'd) (mem. op., not designated for publication) (overruling ineffectiveness issue; record was silent as to counsel's reasons for failing to raise ***Batson*** challenge).

Accordingly, under the circumstances of this case, we conclude that Appellant failed to (1) rebut the presumption that trial counsel's actions and decisions were reasonably professional and motivated by sound trial strategy, and (2) show that counsel's actions and decisions prejudiced the defense such that there is a reasonable probability that the result of the proceeding would have been different. *See **Strickland***, 466 U.S. at 687, 104 S. Ct. at 2064; *see also **Tong***, 25 S.W.3d at 712; ***Thompson***, 9 S.W.3d at 813; ***Perez v. State***, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 8, 2020

NO. 12-19-00277-CR

**KAREN ELAINE MADRID,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1328-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*